IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              4:08-CR-00185-01-WRW

ROBERT JOE COCHRANE (01)
CRYSTAL COCHRANE (02_

## ORDER

### I. BACKGROUND

On May 8, 2008, Mr. Robert and his wife, Mrs. Crystal Cochrane, were indicted in a 4-count indictment. Count One charges that defendants, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 USC § 841(a)(1) and 18 U.S.C. § 2.  Count Two charges that both defendants, aiding and abetting each other, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, possession with intent to distribute methamphetamine, knowingly possessed firearms in violation of 18 USC §§ 924(c)(1)(A)(i), and 2. Counts Three and Four charge Robert Cochrane and Crystal Cochrae, respectively, with being a felon in possession in violation of 18 U.S.C. § 922(g)(1). There is also a forfeiture allegation.

Robert and Crystal Cochrane are jointly represented by counsel. The Prosecution filed a Motion for a Rule 44(c) Hearing, asking the Court to inform the Cochranes about both the potential for conflict and about their right to separate representation.

On June 27, 2007, the Court held a Rule 44(c) Hearing, at which Robert and Crystal Cochrane appeared with their joint counsel. During the hearing, the Prosecution stressed the potential for conflict when married co-defendants are jointly represented. The Prosecution pointed out the benefits of cooperating with the prosecuting attorney, and, without making any

1

allegations about Mr. and Mrs. Cochrane, expressed concern about the potential for emotional manipulation or physical abuse within the marital relationship.

I asked Mr. and Mrs. Cochrane, and their counsel, if there was any current conflict that would make joint representation not in their best interest. All parties denied any conflict. I informed the Cochranes about the potential for conflict, and I also told Mr. and Mrs. Cochrane that, as a general rule, I thought separate representation was better.

## II. DISCUSSION

Federal Rule of Criminal Procedure 44(c) provides:

> Whenever two or more defendants . . . are represented by the same retained or assigned counsel . . . the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

In *Parker v. Parratt*,[1] the Eight Circuit listed several situations that might present a conflict of interest: (1) where there are markedly different degrees of relative culpability between defendants; (2) where an attorney obtains confidential information helpful to one defendant but harmful to another; (3) where the factual circumstances require counsel to offer evidence which assists one defendant but adversely affects the other; (4) where different defenses are offered; and (5) where one defendant attempts to exonerate himself by accusing a co-defendant.

At this early stage in the proceedings, the Cochrane's testimony at the Hearing did not indicate a conflict.

Under the Sixth Amendment, a criminal defendant has the right to the effective assistance of counsel.[2] When there is a conflict of interest, joint representation could violate that Sixth

---

[1] 662 F.2d 479 (8th Cir. 1981).

[2] U.S. CONST. amend VI.

2

Amendment right. A defendant, however, may waive his right to the assistance of counsel free from conflict if the defendant's waiver is knowing, voluntary, and intelligent.[3] Before a defendant can knowingly, voluntarily, and intelligently waive his right, the Court must inform him of the potential consequences of joint representation. The Eighth Circuit requires that

> [t]he court should address each defendant personally and advise him of the potential danger of dual representation. The defendant should have an opportunity and be at liberty to question the trial court on the nature and consequences of dual representation and the entire procedure should be placed on the record for review.[4]

In *United States v. Unger*, husband and wife co-defendants were jointly represented.[5] The Eighth Circuit Court of Appeals found that the wife did not make a knowing and intelligent waiver.[6] The reasoning of the Court was based on the wife never having been explained the possible effect of joint representation.[7]

In *United States v. Brekke*, husband and wife co-defendants were also jointly represented.[8] The Brekkes argued that they did not knowingly and intelligently waive their right to conflict-free counsel.[9] The Eighth Circuit Court of Appeals found that the lower court fulfilled its requirements in advising the defendants, and providing the defendants the opportunity to ask

---

[3] *United States v. Agosto*, 675 F.2d 965, 969-70 (8th Cir. 1982).

[4] *United States v. Lawriw*, 568 F.2d 98, 104 (8th Cir. 1977).

[5] 700 F.2d 445 (8th Cir. 1983).

[6] *Id*. at 454.

[7] *Id*.

[8] 152 F.3d 1042 (8th Cir. 1998).

[9] *Id*. at 1045.

questions; the Court concluded that the defendants' waivers were knowing, voluntary, and intelligent.[10]

The Cochranes were warned about the dangers and joint representation, and were given the opportunity to ask questions about the possible effects of sharing counsel. The Prosecution pointed out additional problems that may arise when husband and wife are represented by one attorney. Throughout the hearing, the Cochranes denied any conflict and expressed their desire to be jointly represented. I find that the Cochranes knowingly and intelligently waived their right to conflict-free counsel. Because the Cochranes waived their right, they may proceed at this time with joint representation.

I enter this Order with considerable trepidation. My experience as a lawyer and as a judge teaches me that joint representation is fraught with danger, both for the defendants and their lawyer. But no conflict is apparent at this time, and the defendants and their counsel assert there is none.

Defense counsel is directed to go over this Order line by line with each of his clients, then advise me and the Prosecution, in writing, if there is any hesitation about going forward with joint representation. This should be done by 5:00 p.m., Friday, July 11, 2008.

IT IS SO ORDERED this 1st day of July, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[10]*Id*. at 1045-1046.